## HUNT *v.* BELL, TRUSTEE.

### Opinion delivered May 14, 1917.

USURY—LOAN AT TEN PER CENT.—AGENT'S COMMISSION.—Appellee loaned appellant $1,500 at ten per cent. interest, to be paid back in monthly installments, and one D. retained $30 of the said loan as his commission for effecting the same, acting with appellee's knowledge and as its agent. *Held,* the transaction was not usurious.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*G. O. Patterson* and *Reynolds & Reynolds,* for appellant.

The loan was usurious and void. 105 Ark. 661; 51 *Id.* 535, 546; 96 *Id.* 158; 102 *Id.* 380; 104 *Id.* 466; 106 *Id.* 157. The commission paid the agent added to the interest constitutes usury. Cases *supra.*

*Paul McKennon,* for appellee.

There is no usury even if the broker's fee is included. 39 Cyc. 953; 46 Ark. 371; 86 *Id.* 27; 56 *Id.* 321.

WOOD, J. This suit was instituted by the appellee against the appellants to foreclose a deed of trust executed by the appellants to the appellee, as trustee for the Georgia State Savings Association, to secure an indebtedness of $1,500, evidenced by a bond in which the appellants bound themselves in the sum of $3,000 to secure a loan of $1,500 obtained by appellants from the association. The instrument sued on provided that appellants would pay as follows: "On or before the last business day in each and every month until ninety-six monthly payments have fallen due and been paid, the sum of

$21.85, which is made up of the sum of $15.61 as installments on principal and $6.24 as installments on interest.

Appellants, in their answer, and as their only defense, set up the plea of usury, which, omitting unnecessary averments, alleged substantially as follows: That appellants made application to the association for a loan of $1,500 through its agent, Davis; that the mortgage and bond sued on indicate a loan to defendants in the sum of $1,500; that under the provisions of said bond and mortgage it is stipulated that in the event of the failure of the defendants to pay the various installments when due, and upon default upon the part of the defendants in the payment of a certain number thereof, that in the final settlement at maturity the basis shall be the principal debt with interest thereon at the rate of ten per cent. per annum; that in procuring said loan the agent of the plaintiff, to-wit, John M. Davis, with the knowledge and consent of the plaintiff, in addition to the interest, demanded for said loan the sum of $30 as a commission, and that sum added to the interest demanded by the plaintiff would and does amount to an exaction of a greater rate of interest than that fixed by law, and is usurious and void; that the defendants received from the agent of the plaintiff the sum of $1,470, the sum of $30 having been retained by the plaintiff's agent as a commission.

Conceding that the association's agent with whom appellants conducted the negotiations for the loan deducted the sum of $30 as his commission for making the loan, and that this was done with the knowledge and consent of the association; and conceding that the appellants only received the sum of $1,470, which was to be repaid, with interest thereon at the rate of ten per cent. per annum, under the terms provided for by the contract, still it does not follow that the contract entered into between the appellants and the association was for the payment of a greater rate of interest than the law permits.

The appellants, in their answer, admit the execution and delivery of the notes and bond and the deed of trust,

and admit that they agreed to repay the loan according to the stipulations of the instruments executed by them, and further admit that no payments have been made other than those set forth in the complaint.

It will be observed that the answer does not allege that if there had been a performance of the contract on the part of the appellants that it would have resulted in the payment by them of usurious interest. The answer only sets up that the payment of $30 in addition to the payment of 10 per cent., according to the terms set forth in the contract, is an exaction of a greater rate of interest than that allowed by law. The statement of the amount due under the contract upon which the suit was based shows a balance due, calculated to July 6, 1916, of $1,111.81. Counsel for the appellee states in his brief that this balance was arrived at by the mode of computation provided for in the bond, whereby appellants were allowed credit for all payments made, with interest thereon at the rate of 10 per cent. per annum. He further states: ''If, in calculating the balance due to July 6, 1916, each payment made by appellants had been credited strictly in accordance with the law of partial payments there would have been found to be due the sum of $1,147.07. The difference between these two balances, towit, $35.26, is more than sufficient to absorb the $30 commission.''

The appellants do not challenge these statements of counsel for the appellee, as to the mode of computation adopted, nor as to the correctness of the result of the calculation made in accordance with the terms of the contract; nor do they question the amount that would have been due according to the calculation made by the counsel for the appellee under the law of partial payments as prescribed by our statute, which amount shows that if appellants had performed the contract on their part they would not have paid a rate of interest exceeding that authorized by law. Since appellants' counsel do not chal-

lenge the correctness of these calculations, we assume that they are correct and so treat them.

The contract on its face negatives any intention to charge a usurious rate of interest, and it does not appear from the calculations made that any usurious interest was charged and included within the balance alleged to be due the association. The contract expressly provided the following basis for ascertaining the amount due under the contract: "The principal debt with interest thereon at the rate of 10 per cent. per annum, and allowing credit for all payments of installments and of principal and interest upon loan, with interest thereon at the rate of 10 per cent. per annum from date of payment to said association, computed in accordance with the laws of the State of Arkansas."

Appellants stood on their answer and refused to plead further. The court thereupon dismissed the answer, and, as the record recites, heard the cause "upon the complaint, exhibits and proof," and rendered a decree in the sum of $1,159.48, balance due as evidenced by the contract, and ordered a foreclosure.

The decree is in all things correct, and it is therefore affirmed.